(864 P.2d 742)
No. 69,579

9200 Santa Fe Corporation, *Appellant*, v. Board of County Commissioners of the County of Johnson, *et al.*, *Appellees*.

Opinion filed December 10, 1993.

*John P. Bennett*, of Cloon, Bennett, Ronan & Viveros, of Overland Park, for appellant.

*Lisa Ross Wetzler*, assistant county counselor, of Olathe, for appellees.

Before Royse, P.J., Rulon, J., and Patricia Macke Dick, District Judge, assigned.

Rulon, J.: 9200 Santa Fe Corporation (applicant) was denied tax-exempt status by the Kansas Board of Tax Appeals (BOTA) for failure to show a "demonstrated community need" for its services. The district court affirmed the decision. We reverse and remand the cause with directions.

The principal issue before us is whether BOTA erroneously interpreted K.S.A. 1992 Supp. 79-201 *Ninth* in requiring applicant to show a "demonstrated community need" by clear and convincing evidence.

The material facts are undisputed and are as follows.

Applicant was formed for the sole purpose of holding title to the subject property. This arrangement was created in order to allow the YWCA to qualify for a community development block grant. The YWCA occupied the building in order to provide certain community services, such as child care, a teenage job-readiness program, and programs for the development of children's fitness. The fees charged for these services were generally less than those charged by other providers for similar services.

Additional facts regarding the demographics of the surrounding community and the services provided by the facility will be discussed, as necessary, in the analysis below.

In October of 1987, applicant sought an exemption from property tax obligations pursuant to 79-201 *Second*. BOTA denied this request. BOTA subsequently granted a rehearing due to an amendment to the statute. On rehearing, applicant was awarded tax-exempt status pursuant to 79-201 *Ninth*. Defendant Board of Johnson County Commissioners appealed this decision to the district court.

The district court reviewed BOTA's decision to grant the exemption and determined BOTA had not found a "demonstrated community need," a prerequisite to awarding a party tax-exempt status. The court remanded the cause to BOTA to rehear the case to determine if there was a "demonstrated community need" for the services offered by the facility. Additionally, the court instructed BOTA that a demonstrated community need was to be shown by "clear and convincing" evidence.

BOTA conducted a rehearing and found applicant had "failed to establish by clear and convincing evidence that there exist[ed] a community need for [its] services." Applicant moved for rehearing, which was denied. Applicant appealed to the district court, but BOTA's decision was affirmed. This appeal followed.

In *City of Liberal v. Seward County*, 247 Kan. 609, 611, 802 P.2d 568 (1990), our Supreme Court described the scope of review applicable to this case:

"We first note that, on appeal, orders of BOTA are subject to judicial review in accordance with the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* See K.S.A. 1989 Supp. 74-2426(c). Under that Act, the court's scope of review is controlled by K.S.A. 77-621, which this court recognizes as somewhat broader than the traditional three-pronged scope of review set forth in *Kansas State Board of Healing Arts v. Foote*, 200 Kan. 447, Syl. ¶ 1, 436 P.2d 828 (1968). The applicable provision of the scope of review relevant here is set forth at K.S.A. 77-621(c)(4), which states that the court shall grant review only if BOTA 'has erroneously interpreted or applied the law.' The burden of proving the invalidity of the agency action is on the party asserting invalidity, which here would be the City. K.S.A. 77-621(a)(1)."

Recently, in *In re Tax Appeal of Derby Refining Co.*, 17 Kan. App. 2d 377, 380-81, 838 P.2d 354 (1992), we restated the general rules applicable here:

"In Kansas, taxation is the rule and exemption is the exception. *Assembly of God v. Sangster*, 178 Kan. 678, 680, 290 P.2d 1057 (1955). The burden of establishing an exemption from taxation is on the party claiming the exemption. *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 454, 691 P.2d 1303 (1984). One who claims a tax exemption must bring himself clearly within the exemption provisions of the statute. *Warren v. Fink*, 146 Kan. 716, Syl. ¶ 1, 72 P.2d 968 (1937). Statutory exemption provisions are strictly construed against the party requesting exemption. *Farmers Co-op v. Kansas Bd. of Tax Appeals*, 236 Kan. 632, 635, 694 P.2d 462·(1985). All doubts concerning exemption are to be resolved against the exemption and in favor of taxation. *Trustees of the United Methodist Church v. Cogswell*, 205 Kan. 847, 851, 473 P.2d 1 (1970)."

The law in Kansas concerning the interpretation of a statute by a court is well settled:

"The interpretation of a statute is a question of law and it is the function of a court to interpret a statute to give it the effect intended by the legislature. While the administrative interpretation of a statute should be given consideration and weight, it does not follow that a court will adhere to the administrative ruling where the statute is clear and the administrative ruling is erroneous. The final construction of a statute rests with the courts." *In re Tax Appeal of Atchison, Topeka & Santa Fe Ry. Co.*, 17 Kan. App. 2d 794, Syl. ¶ 2, 844 P.2d 756 (1993).

"Tax statutes will not be extended by implication beyond the clear import of language employed therein, and their operation will not be enlarged so as to include matters not specifically embraced. The rule of strict construction means that ordinary words are to be given their ordinary meaning. Such a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it." 17 Kan. App. 2d 794, Syl. ¶ 5.

Further, " '[w]hen a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be.' " *In re Tax Appeal of Derby Refining Co.*, 17 Kan. App. 2d at 382.

In reversing BOTA's initial grant of tax-exempt status to applicant, the district court in part concluded:

"The term [']demonstrated['] means to show clearly; to prove or make clear by reasoning or evidence. By using this term, the legislature has set a higher standard of proof for this factor than in the usual case. Use of the term demonstrated requires a proof with more certainty than the preponderance of the evidence standard used in most civil cases. If the legislature did not intend to require more than a preponderance of the evidence, the emphatic term 'demonstrated' would not be used. The legislatively estab-

lished burden of proof is that the community need must be shown by clear and convincing evidence."

The relevant language of K.S.A. 1992 Supp. 79-201 *Ninth* is:

"As used in this clause, 'humanitarian services' means the conduct of activities which substantially and predominantly meet a *demonstrated community need* and which improve the physical, mental, social, cultural or spiritual welfare of others or the relief, comfort or assistance of persons in distress or any combination thereof including but not limited to health and recreation services, child care, individual and family counseling, employment and training programs for handicapped persons and meals or feeding programs." (Emphasis added.)

Applicant asserts there is no legislative history indicating the legislature used the word "demonstrated" to require a higher degree of proof. Furthermore, applicant contends if the legislature had truly intended the degree of proof to be clear and convincing, then such standard would have been stated in the body of the legislative provision. We agree.

K.S.A. 1992 Supp. 79-201 *Ninth* is reviewed by this court and we conclude the "demonstrated community need" requirements of such statutory exemption can be satisfied by a preponderance of competent evidence. No provision of the statutory exemption under review by this court requires an increased scrutiny or proof by clear and convincing evidence.

In light of the above, we need not reach other issues presented to us.

We reverse the judgment of the district court and remand the cause with directions that the district court further remand the cause to BOTA for a determination of applicant's claim for tax-exempt status consistent with this opinion.