(995 P.2d 393)

No. 83,132

THOMAS WILKERSON and WILLIAM L. WILKERSON, *Appellees,* v. HEATHER A. BROWN f/k/a HEATHER A. MONTGOMERY, *Appellee.*

Opinion filed December 30, 1999.

*Jason L. Bush* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for the appellant.

*Steven D. Treaster,* of Overland Park, for the appellees.

Before LEWIS, P.J., GREEN and KNUDSON, JJ.

LEWIS, J.: Plaintiffs Thomas Wilkerson and William L. Wilkerson and defendant Heather A. Brown, f/k/a Heather A. Montgomery, were involved in a relatively minor automobile accident. Plain-

tiffs filed suit to recover damages under Chapter 61, Kansas Code of Civil Procedure for Limited Actions. Defendant filed an answer denying liability and also counterclaimed, seeking to recover her own damages. Defendant prevailed both as to her liability and on her counterclaim for damages. However, the trial court denied defendant's request for attorney fees under K.S.A. 1998 Supp. 60-2006. Defendant appeals from the denial by the trial court of her request for attorney fees.

The determination of this action depends upon our construction of K.S.A. 1998 Supp. 60-2006. That statute reads:

"(a) In actions brought for the recovery of property damages only of less than $7,500 sustained and caused by the negligent operation of a motor vehicle, the prevailing party shall be allowed reasonable attorney fees which shall be taxed as part of the costs of the action unless:

(1) The prevailing party recovers no damages; or

(2) a tender equal to or in excess of the amount recovered was made by the adverse party before the commencement of the action in which judgment is rendered.

"(b) For the plaintiff to be awarded attorney fees for the prosecution of such action, a written demand for the settlement of such claim containing all of the claimed elements of property damage and the total monetary amount demanded in the action *shall have been made on the adverse party at such party's last known address not less than 30 days before the commencement of the action. For the defendant to be awarded attorney fees, a written offer of settlement of such claim shall have been made to the plaintiff at such plaintiff's last known address not more than 30 days after the defendant filed the answer to the action.*

"(c) This section shall apply to actions brought pursuant to the code of civil procedure and actions brought pursuant to the code of civil procedure for limited actions." (Emphasis added.)

Defendant, through her attorney, wrote a letter addressed to plaintiffs and their attorney at their attorney's address. The letter was written within 30 days of the filing of defendant's answer and offered to pay plaintiffs $1,000 in settlement of their claim. The letter read as follows:

"Dear Mr. Treaster and Messrs. Wilkerson:

"Pursuant to K.S.A. 60-2006, defendant Heather A. Montgomery hereby makes written offer of settlement of the plaintiffs' claims in the above-captioned and numbered cause, and that said offer of settlement is in the amount of $1,000.00.

"As I am sure you are aware, Mr. Treaster, K.S.A. 60-2006 requires this written offer of settlement to be mailed to the plaintiffs at the plaintiffs' last known ad-

dress. Of course, such direct contact with a represented party is in violation of ethical duties. As such, I would ask that you, as attorney and agent of plaintiff Thomas Wilkerson and plaintiff William Wilkerson, please forward this letter or a copy thereof to said plaintiffs to comply with the statute.

"Thank you for your time and consideration in this matter. Should you have any questions, please feel free to contact me at 752-5579.

"Sincerely,
/s/ Jason L. Bush
"Jason L. Bush
"For the Firm"

Plaintiffs' attorney replied that he had conveyed the letter offer to plaintiffs. Plaintiffs had made an earlier demand letter to Rich Reed, an insurance adjuster, and offered in his reply letter to defendant's attorney to waive the notice requirements of 60-2006 if defendant would do so. Subsequently, plaintiffs notified defendant's attorney that plaintiffs rejected the $1,000 offer made by the letter, as set out above, and again plaintiffs offered to waive the notice requirements of the statute if defendant would do so. Defendant refused to agree to waive the notice requirements of the statute, although we have some difficulty in understanding why. The requested waiver would have, in all probability, rendered this appeal unnecessary.

After trial, defendant sought to recover her attorney fees. The trial court held that the notice of defendant's settlement offer to plaintiffs was inadequate and denied the request for attorney fees. This appeal followed.

A court does not have authority to impose attorney fees except those authorized by statute or agreed to by the parties. *United States Fidelity & Guaranty Co. v. Maish*, 21 Kan. App. 2d 885, 905, 908 P.2d 1329 (1995). Attorney fees may be taxed as costs in actions for recovery of damages of less than $7,500 caused by the negligent operation of a motor vehicle. K.S.A. 1998 Supp. 60-2006. Interpretation of a statute is a question of law over which this court's review is unlimited. See *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998). An appellate court is not bound by the district court's interpretation of a statute. *Smith v. Printup*, 262 Kan. 587, 604, 938 P.2d 1261 (1997).

The trial court held that notice of defendant's offer to settle was inadequate because it was not made to plaintiffs at plaintiffs' last known addresses. The trial court rejected the argument that service of the notice upon plaintiffs' attorney was sufficient notice to entitle defendant to recover attorney fees.

We disagree with the trial court. The purpose of K.S.A. 1998 Supp. 60-2006 is to promote the prompt payment of small but well-founded claims and to discourage unnecessary litigation. *Chavez v. Markham*, 256 Kan. 859, 868, 889 P.2d 122 (1995). The court's very narrow construction of that statute is not in accordance with the purpose of the statute.

We conclude that the offer of settlement was properly served on plaintiffs' attorney under the provisions of the Kansas Code of Civil Procedure.

To begin with, we note that this action was filed pursuant to Chapter 61, which is the Kansas Code of Civil Procedure for Limited Actions. That code, however, explicitly incorporates the Chapter 60 rules for service. K.S.A. 61-1705 provides for service of pleadings and other papers in accordance with K.S.A. 1998 Supp. 60-205 and K.S.A. 1998 Supp. 60-2006.

We believe the provisions of K.S.A. 1998 Supp. 60-205 apply to this case. That statute details how service is to be made of a laundry list of documents, including demands and offers of "judgment." The statute specifically provides: "The method of service and filing of pleadings and other papers as provided in this section shall constitute sufficient service and filing in all civil actions and special proceedings *but they shall be alternative to, and not in restriction of, different methods specifically provided by law.*" (Emphasis added.) K.S.A. 1998 Supp. 60-205(b) lists acceptable means of serving a party and states: "Whenever under this article service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court."

We conclude the provisions of 60-205 apply to service of notice such as that contemplated by 60-2006.

We agree that general and specific statutes should be read together and harmonized whenever possible, and that the rule is that

to the extent they conflict, the special statute will prevail unless it appears the legislature intended the general statute to be controlling. See *State ex rel. Tomasic v. Unified Gov. of Wyandotte Co./ Kansas City*, 264 Kan. 293, 311, 955 P.2d 1136 (1998).

We conclude that 60-205 and 60-2006 are not in conflict. K.S.A. 1998 Supp. 60-205 provides a method of service which is sufficient in all civil actions but which is stated to be "alternative to, and not in restriction of, different methods specifically provided by law." K.S.A. 1998 Supp. 60-2006 requires service on the party at the party's last known address, and this service is permissible because it is specifically provided by law. However, serving a represented party by serving his or her attorney as directed by K.S.A. 1998 Supp. 60-205(b) is an alternative but equally effective method of conveying the settlement offer provided by K.S.A. 1998 Supp. 60-2006. The net result is that defendant's offer served in compliance with K.S.A. 1998 Supp. 60-205 was sufficiently served on plaintiffs. The requirement that the offer be served on plaintiffs at the plaintiffs' last known addresses is certainly a permissible procedure prescribed by 60-2006(b), but it does not foreclose service of that offer on the attorney of a party under K.S.A. 1998 Supp. 60-205.

We hold that the notice of defendant's offer to settle was sufficiently served on plaintiffs by mailing a copy of the notice to plaintiffs' attorney pursuant to K.S.A. 1998 Supp. 60-205. In our opinion, service of the notice referred to in 60-2006 may be made either by serving the party at the party's last known address or by serving the attorneys of the party under 60-205. We hold that either method is sufficient service of the notice and would entitle the serving party to attorney fees under 60-2006.

In closing, we note that we do not agree that KRPC Rule 4.2 (1999 Kan. Ct. R. Annot. 380) would be violated by service as is set forth in K.S.A. 1998 Supp. 60-2006(b). Rule 4.2 does not prohibit direct contact with a represented party where the party's lawyer consents or the contact is authorized by law. K.S.A. 1998 Supp. 60-2006(b) is an enactment by the legislature which authorizes a written settlement to be mailed directly to a represented party at the party's last known address.

Despite our conclusion as to the ethics involved in directly mailing an offer of settlement to a represented party, we hold that the offer made in this case was properly served and that the trial court should award defendant appropriate attorney fees.

The trial court's order refusing to award attorney fees is reversed, and the matter is remanded for a hearing to determine the appropriate amount for an award of attorney fees on behalf of defendant.

Reversed and remanded.