(6 P.3d 896)

No. 82,481

IN THE MATTER OF THE APPLICATION OF VIA CHRISTI REGIONAL MEDICAL CENTER FOR EXEMPTION FROM AD VALOREM TAXATION IN LYON COUNTY, KANSAS.

Opinion filed February 4, 2000.

*Linda Terrill*, of Neill, Terrill & Embree, L.L.C., of Overland Park, for appellant.

No appearance by appellee.

Before BRAZIL, C.J., JANICE D. RUSSELL, District Judge, assigned, and JOHN E. SANDERS, District Judge, assigned.

RUSSELL, J.: Via Christi Regional Medical Center (Via Christi) appeals the ruling of the Board of Tax Appeals (BOTA) denying it a tax exemption under K.S.A. 79-201 *Ninth* or K.S.A. 1998 Supp 79-201b *First.* We reverse.

"BOTA is a specialized agency that exists to decide taxation issues. BOTA'S decisions should be given great credence and deference when it is acting in its area of expertise. However, if [an appellate court finds] that BOTA's interpretation is erroneous as a matter of law, [it] should take corrective steps." *In re Tax Appeal of Boeing Co.,* 261 Kan. 508, 515, 930 P.2d 1366 (1997).

Justice Prager wrote a clear exposition on the duty of courts reviewing decisions made by BOTA in *T-Bone Feeders, Inc. v. Martin,* 236 Kan. 641, 693 P.2d 1187 (1985). Guidelines from that decision that are pertinent to this opinion are: "Taxation is the rule; exemption is the exception. All doubts are to be resolved against exemption and in favor of taxation." 236 Kan. at 645. "The burden of establishing exemption from taxation is on the one claiming it." 236 Kan. at 646. "Whether certain property is exempt from ad valorem taxation is a question of law if the facts are agreed upon, and is a mixed question of law and fact if the facts are controverted." 236 Kan. at 645.

The latter guideline is of particular importance in this case, because Via Christi and Lyon County entered into a stipulation of facts upon which the case was presented to BOTA. Via Christi filed for an exemption from ad valorem taxes on personal property, claiming that it was entitled to an exemption under K.S.A. 79-201 *Ninth* (property used predominantly for providing humanitarian services) or K.S.A. 1998 Supp. 79-201b *First* (property used for hospital purposes). Originally, the county appraiser of Lyon County opposed the application, but prior to the hearing before BOTA, he changed his position and entered into a stipulation of facts and took a position supporting the application for exemption.

No testimony was presented at the hearing before BOTA. The stipulated facts were presented, and counsel for Via Christi were

present to answer questions for BOTA. The stipulated facts before BOTA were as follows:

(1) The applicant in this matter is Via Christi, a not-for-profit hospital as defined by K.S.A. 65-425, and is licensed in the State of Kansas to do business as a hospital. The request is for exemption pursuant to K.S.A. 79-201 *Ninth* and/or K.S.A. 1998 Supp. 79-201b *First*.

(2) The subject matter of the application for exemption from the payment of ad valorem taxes is personal property owned by the applicant and located at 1024 West 12th Street, Emporia, Kansas 66801-5594. More specifically, the equipment is used to operate a satellite medical clinic owned by Via Christi.

(3) The property is used exclusively by Via Christi in the delivery of health services.

(4) Via Christi is owned and operated under the laws of the state of Kansas by a corporation organized not-for-profit.

(5) Via Christi is duly admitted to engage in business in the state of Kansas.

(6) The directors of such corporation serve without pay.

(7) The corporation is operated in a manner which does not result in the accrual of distributable profits, realization of private gain resulting from the payment of compensation in excess of a reasonable allowance for salary or other compensation for services rendered, or the realization of any other form of private gain.

(8) No officer, director, or member of such corporation has any pecuniary interest in the property for which exemption is claimed.

(9) The corporation is organized for the humanitarian purpose of providing health services.

(10) The use of the property for which this exemption is claimed is substantially and predominantly related to the purpose of providing humanitarian services.

(11) The corporation is exempt from federal income taxation pursuant to Section 501(c)(3) of the Internal Revenue Code of 1986.

(12) Contributions to the corporation are deductible under the Kansas Income Tax Act.

(13) All of the health service providers at the premises are employees of Via Christi.

(14) All of the patients treated are patients of Via Christi.

(15) The applicant is requesting an exemption from the payment of ad valorem taxes commencing January 1, 1996, and continuing until such time as the use no longer qualifies.

BOTA members did not accept the stipulations of fact at face value, instead questioning counsel for Via Christi carefully about many facets of the stipulated facts. Counsel answered the questions posed by BOTA members, and some of the information that came out in their statements make it evident that some of the stipulated facts are, quite simply, erroneous.

Via Christi first argues that it was error for BOTA to ignore the stipulated facts. Via Christi argues that the fact that the parties entered into a stipulation precludes BOTA from considering any facts except those stipulated, citing *In re Application of Park Comm'rs for Ad Valorem Tax Exemption,* 14 Kan. App. 2d 777, 782, 799 P.2d 505 (1990), where this court stated: "No statute, expressly or impliedly, gives BOTA power to investigate property which is not the subject of a dispute before it." Via Christi also cites *International Motor Rebuilding Co. v. United Motor Exchange, Inc.*, 193 Kan. 497, 501, 393 P.2d 992 (1964), where the Supreme Court held: "After the parties have agreed upon a compromise of a *bona fide* dispute, the courts will not, in the absence of any element of fraud or bad faith, look into the merits of the original controversy to discover which was in the right."

The difficulty in Via Christi's position is that counsels' answers to BOTA's questioning clearly shows that some of the stipulations were factually untrue. Under these circumstances, we cannot find that it was error for BOTA to ignore stipulated facts that counsels' own statements showed to be untrue, and we remind counsel that they have a duty to submit only true facts as stipulations.

BOTA ruled that Via Christi's application for an exemption under K.S.A. 1998 Supp. 79-201b *First* should be denied, because the personal property in Lyon County did not have a hospital purpose under K.S.A. 1998 Supp. 65-425.

K.S.A. 1998 Supp. 79-201b *First* provides for an exemption from taxation for "[a]ll real property, and tangible personal property, actually and regularly used exclusively for hospital purposes by a hospital as the same is defined by K.S.A. 65-425." K.S.A. 1998 Supp. 65-425(a) defines "general hospital" as "an establishment with an organized medical staff of physicians; with permanent facilities that include inpatient beds; and with medical services, including physician services, and continuous registered professional nursing services for not less than 24 hours of every day . . . ." K.S.A. 1998 Supp. 65-425(j) states in pertinent part: " 'Hospital' means 'general hospital.' "

Statements of counsel establish that Via Christi does indeed operate a hospital facility in Wichita, but the facility in Lyon County is a primary care medical clinic. It has no beds and does not provide 24-hour nursing services. Via Christi's argument is that the personal property of the clinic, even if the clinic is off site from the hospital facility and does not itself provide hospital services within the meaning of K.S.A 1998 Supp. 65-425(a), is entitled to the exemption provided for in K.S.A. 1998 Supp. 79-201b *First* because the clinic is owned by a facility that does qualify as a hospital. In support of this position it cites *In re Tax Appeal of Univ. of Kan. School of Medicine,* 266 Kan. 737, 973 P.2d 176 (1999).

We have reviewed *In re Tax Appeal of Univ. of Kan. School of Medicine,* and we cannot read it so broadly as to reach the conclusion urged by Via Christi. We also find no error in BOTA's decision to disregard stipulated facts that were contradicted by statements of counsel at the hearing. We agree with BOTA that a hospital that owns a clinic which provides primary care medical services and which has no beds and no 24-hour nursing services is not entitled to claim the right to an exemption from ad valorem taxation of the clinic's personal property under K.S.A. 1998 Supp. 79-201b *First.*

We have reviewed the record of the hearing carefully, however, and we find that BOTA was incorrect as a matter of law in its conclusion that Via Christi was not entitled to an exemption under K.S.A. 79-201 *Ninth.* Via Christi and the Lyon County appraiser stipulated that it was organized for the humanitarian purpose of providing health services and that the use of the property for which

the exemption is claimed is substantially and predominantly related to the purpose of providing humanitarian services. We find nothing in the record that supports BOTA's conclusion that this stipulation is not true.

In pertinent part, K.S.A. 79-201 *Ninth* provides:

"As used in this clause, 'humanitarian services' means the conduct of activities which substantially and predominantly meet a demonstrated community need and which improve the physical, mental, social, cultural or spiritual welfare of others or the relief, comfort or assistance of persons in distress or any combination thereof . . . ."

Summarized, BOTA's reasons for finding that Via Christi's clinic in Emporia does not provide humanitarian services, as set forth in its July 6, 1998, order and its November 4, 1998, order on reconsideration, are the following:

1. There are other physicians serving the Emporia community, including other family practice physicians. There are other physicians in the Emporia community that are capable of meeting the health care needs of the community.

2. A Kansas Department of Health and Environment study, which sought to establish which areas of the state are medically underserved, did not establish Lyon County or the city of Emporia as medically underserved, though it did identify a medically underserved segment of the population in Emporia.

3. Even though BOTA recognized that there is an indigent population in Emporia that constitutes the "medically underserved population" identified by the KDHE report, BOTA noted that Via Christi had not presented any evidence that would persuade BOTA to believe that it would reduce or waive its fees to provide medical care to those persons with limited resources.

There appears to be little, if any, evidence in the record about what other medical services exist in the city of Emporia, so it is not clear to this court how BOTA reached the conclusion that there are other physicians in Emporia capable of meeting the health needs of the population. Further, BOTA's finding that there was no evidence that Via Christi provides free or low cost services to the medically underserved population of Emporia is contradicted

by the record. In the colloquy between Board members and counsel for the applicant, this exchange took place:

"MS. TERRILL: . . . But we are a not-for-profit entity . . . .

"And not-for-profit hospitals have certain federal extensions, federal law which requires us to take anyone regardless of their health care [coverage], whether they have it or not, and they do that.

. . . .

"MS. TERRILL: I don't know that they have a sliding fee scale. I know that in order to be a not-for-profit hospital under federal law they cannot turn down the care of any individual regardless of health care covering [sic]. And routinely they do that—treat them, they don't routinely turn them down, they routinely treat individuals—-

"MEMBER GOERING: Now—

"MS. TERRILL: —on a charity basis because the federal law requires them to do so."

Statements of counsel made to BOTA at the hearing support the stipulations of fact regarding the humanitarian purpose of the corporation. Therefore, BOTA erred in refusing to accept the stipulation of fact that the clinic was organized for the purpose of providing humanitarian services. The stipulations of fact establish that Via Christi was entitled to claim an exemption from ad valorem taxation under K.S.A. 79-201 *Ninth.*

We reverse and order an exemption from ad valorem taxation for Via Christi under K.S.A. 79-201 *Ninth.*